**Richard ROSEN, and Susan Rosen, Plaintiffs–Appellants,**

v.

**Jerome J. NORTON, and United States of America, Defendants–Appellees.**

**No. 1760, Docket 92–6072.**

United States Court of Appeals, Second Circuit.

Argued June 25, 1992.

Decided July 23, 1992.

David I. Rosenberg, Garden City, N.Y., for plaintiffs-appellants.

Edwin L. Wolf, Jericho, N.Y. (Wasserman, Chinitz, Geffner, Green & Wolf, Jericho, N.Y. of counsel), for defendant-appellee Jerome J. Norton.

Before: NEWMAN, PRATT and WALKER, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Because of non-payment of income taxes, the Internal Revenue Service acquired a tax lien on Richard and Susan Rosen's condominium in Syosset, New York. Jerome Norton bought the lien on April 2, 1986, for $137,500, and paid for it in three installments throughout that month, as permitted by 26 U.S.C. § 6335(e)(2)(D). The Rosens attempted to redeem their property on September 29, 1986, by tendering to Norton a check in the amount of $151,250. *See* 26 U.S.C. § 6337(b). This amount represented the $137,500 paid by Norton, plus $13,750, representing 20% per annum interest, compounded annually on the entire purchase price from April 2, 1986. When the Rosens' attorney showed up at Norton's home with the certified check, Norton said "I refuse the tender. Good-bye", and shut the door.

The Rosens filed this action in October 1986 seeking to compel Norton to accept the tender. In 1987, then-District Judge McLaughlin, in denying summary judg-

ment, concluded that the tender was $498.86 deficient because of the Rosens' use of an annual compounding rate, rather than the daily calculation required by 26 U.S.C. § 6622. The case proceeded, based on the assumption that the tender was deficient. Roughly five years later, the district court (David F. Jordan, *Magistrate Judge*), entered judgment awarding title to Norton and dismissing the Rosens' complaint. On February 14, 1992, the district court amended the judgment. It confirmed the award of title to Norton, but in addition awarded him $84,035.65 on his counterclaim for the Rosens' use and occupancy of their house while the litigation had been pending.

It is correct that the Rosens did not use the proper method of calculation, but their error in calculating the amount of the tender actually resulted in an overpayment, not a deficiency. The district court erred by calculating daily interest on the entire purchase price from the date of sale (April 2, 1986), instead of from the date each payment was made to the IRS. Section 6337(b)(2) of Title 26 provides that the price

of redemption is "the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum." Plainly, the "amount paid" by Norton was $30,000 on April 2, 1986, $16,000 on April 16, 1986, and $91,500 on April 28, 1986, and it is only on these sums and from these dates that Norton was entitled to interest.

The plain language of this section also comports with common sense. Since interest is "compensation for the use or forbearance of money", *Deputy v. du Pont*, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416 (1940), it would be anomalous to allow Norton to recoup compensation for monies not yet used. Norton therefore was entitled to daily interest on $30,000 for 180 days (April 2 to September 29), on $16,000 for 166 days (April 16 to September 29), and on $91,500 for 154 days (April 28 to September 29).

Under the factors in Rev.Proc. 83–7, § 1, table 26, the following is the correct method for calculating the daily interest on the amounts paid by Norton in installment payments:

| Date | Payment | Days | Factor | Interest |
|------|---------|------|--------|----------|
| 4/2/86 | $30,000 | 180 | .103628076 | $ 3,108.84 |
| 4/16/86 | $16,000 | 166 | .095196588 | $ 1,523.15 |
| 4/28/86 | $91,500 | 154 | .088020886 | $ 8,053.91 |
| | | | | $12,685.90 |

Thus, by tendering $13,750 in interest, the Rosens actually overpaid, rather than underpaid. Since they provided a legally-sufficient tender on September 29, 1986, they were then entitled to have Norton surrender the certificate of sale to them. The Rosens have acknowledged that they are bound by the amount they tendered, and they have waived any claim to recover the overpayment.

In light of our conclusion that the Rosens made a sufficient tender, Norton is not entitled to any money for the Rosens' use and occupancy of their own home. The judgment of the district court is therefore reversed, and the case is remanded with a direction to enter judgment ordering Nor-

ton to accept the Rosens' tender and to deliver the certificate of sale to the Rosens upon receipt from the title company of the tendered certified check for $151,250 that was delivered to the title company in escrow, or if that escrow has been terminated, upon receipt of a substitute check in the same amount.

Reversed.